JASON R. FLANDERS, SBN 238007
Email: jrf@atalawgroup.com
ERICA A. MAHARG, SBN 279369
Email: eam@atalawgroup.com
AQUA TERRA AERIS LAW GROUP LLP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
Phone: (916) 202-3018

DREVET HUNT, SBN 240487
Email: dhunt@cacoastkeeper.org
CALIFORNIA COASTKEEPER ALLIANCE
1100 11th Street, 3rd Floor
Sacramento, CA 95814
Telephone: (415) 606-0864

Attorneys for Plaintiff CALIFORNIA COASTKEEPER ALLIANCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE,<br><br>          Plaintiff,<br><br>     v.<br><br>CONSUMNES CORPORATION dba MURIETA EQUESTRIAN CENTER,<br><br>          Defendant. | No. 2:20-cv 1703 DB<br><br>**JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND ORDER** |

WHEREAS, following mediation of this matter on December 1, 2021, Magistrate Judge Newman directed the Parties to work cooperatively to narrow issues for discovery and motion practice in this case;

WHEREAS, the Parties have met and conferred continuously following mediation in an effort to agree on the wording of a Joint Stipulation concerning phased discovery that is designed to increase the potential for the amicable resolution of this matter without a trial and ultimately save judicial and litigant resources;

WHEREAS, the Parties have met, conferred, and have preliminarily agreed upon a set of stipulated facts that may narrow the scope of discovery and related motion practice;

WHEREAS, the Parties believe that bifurcating Plaintiff's second cause of action, for alleged violations of the federal Resources Conservation and Recovery Act ("RCRA"), to *Phase III*, would promote judicial economy in this case;

WHEREAS, the Parties believe that cross-motions for summary judgment regarding Plaintiff's standing may serve to significantly narrow the issues in dispute in this case;

WHEREAS, the Plaintiff believes that a motion for summary judgment regarding whether Defendant's facility is a concentrated animal feeding operation that discharges pollutants to Waters of the United States ("WOTUS") may serve to establish liability at summary judgment and significantly narrow the remaining issues in dispute in this case[1];

THEREFORE, for the good cause, above, the Parties hereby stipulate and request that this proceeding be phased as follows:

---

[1] The Defendant believes that any summary motion based on WOTUS is premature in light of likely factual issues in dispute and based on the United States Supreme Court's January 24, 2022, granting the landowners' petition for issuance of a writ of certiorari in *Sackett v. EPA*. The decision in that case, which is anticipated later this year, will likely clarify the proper test that federal courts should use in cases involving jurisdictional determinations involving WOTUS, including in this case.

The Plaintiff believes that the timing and outcome of the *Sackett v. EPA* case is wholly speculative, that Plaintiff can establish WOTUS under both the Scalia and Kennedy *Rapanos* tests, and that the standing motions will put at issues facts related to the receiving waters common to the WOTUS questions, rendering successive piecemeal summary judgment motions inefficient.

1. *Phase I* discovery shall be limited to issues related to standing and whether Defendant's facility discharges pollutants to Waters of the United States.

2. *Phase II* discovery shall be limited to issues related to all remaining Clean Water Act issues, including remedies.

3. *Phase III* discovery shall be limited to issues related to the Plaintiff's claims for violation of RCRA.

4. *Phase I* discovery, expert disclosures, and motion practice shall be scheduled as follows:

February 10, 2022 – Plaintiff to file its motion to seek leave to amend its First Amended Complaint.

February 11, 2022 – Plaintiff to disclose all fact witnesses who may submit declarations in support of its Summary Judgment Motions to establish standing and that the facility discharges pollutants to WOTUS, and all fact witnesses who may submit declarations in opposition to the Defendant's Summary Judgment Motion based on standing.

February 25, 2022 – Defendant to file its opposition to Plaintiff's motion to seek leave to amend its First Amended Complaint.

March 4, 2022 – Plaintiff to file its reply in support of its motion to seek leave to amend its First Amended Complaint.

March 15, 2022 – Plaintiff to disclose *Phase I* expert witness report(s)

April 26, 2022 – Defendant to disclose *Phase I* expert witness report(s)

April 26, 2022 – Defendant to disclose all fact witnesses who may submit declarations in support of its Summary Judgment Motion based on standing.

May 17, 2022 – Plaintiff to disclose *Phase I* expert rebuttal report(s)

June 22, 2022 – Deadline for Completion of *Phase I* Discovery

August 12, 2022 – Deadline for submission of the parties' *Phase I* summary judgment motions.

September 23, 2022 – Deadline for submission of the parties' oppositions to *Phase I* summary judgment motions.

1   October 14, 2022 – Deadline for submission of the parties' replies in support of their *Phase I*
2 summary judgment motions.
3   The parties propose the following page limits for summary judgment motion practice:
4   Plaintiff's combined *Phase I* Summary Judgment motion: 25 pages; 25 pages for
5 Defendant's opposition thereto; and 15 pages for Plaintiff's reply; Defendant's summary judgment
6 motion, Plaintiff's opposition thereto, and Defendant's reply shall comply with the page limits set
7 forth in Judge Mueller's Civil Standing Order.
8   Within 10 days of any ruling on the parties' *Phase I* summary judgment motions, the Parties
9 shall meet and confer on whether the case should be referred back to Magistrate Judge Newman for
10 further mediation, or otherwise present a joint proposed schedule to the Court for *Phase II*.

12  Dated: February 4, 2022          AQUA TERRA AERIS LAW GROUP

13                                    By:    /s/Jason R. Flanders
14                                           Jason R. Flanders
                                             Attorneys for Plaintiff, CALIFORNIA
15                                           COASTKEEPER ALLIANCE

17  Dated: February 4, 2022          CALIFORNIA COAST KEEPER ALLIANCE

19                                    By:    /s/Drevet Hunt
                                             Drevet Hunt
20                                           Attorneys for Plaintiff, CALIFORNIA
                                             COASTKEEPER ALLIANCE

23                                    OLSSON FRANK WEEDA TERMAN MATZ PC
                                      LEWIS BRISBOIS BISGAARD & SMITH LLP
24  Dated: February 4, 2022
25                                    By:    /s/ Glenn A. Friedman
26                                           Glenn A. Friedman

27                                    Attorneys for Defendant, CONSUMNES
                                      CORPORATION dba MURIETA EQUESTRIAN
28                                    CENTER

# ORDER

Based on the stipulation set forth above, and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. *Phase I* discovery shall be limited to issues related to standing and whether Defendant's facility discharges pollutants to Waters of the United States.

2. *Phase II* discovery shall be limited to issues related to all remaining Clean Water Act issues, including remedies.

3. *Phase III* discovery shall be limited to issues related to the Plaintiff's claims for violation of RCRA.

4. *Phase I* discovery, expert disclosures, and motion practice shall be scheduled as follows:

    February 10, 2022 – Plaintiff to file its motion to seek leave to amend its First Amended Complaint.

    February 11, 2022 – Plaintiff to disclose all fact witnesses who may submit declarations in support of its Summary Judgment Motions to establish standing and that the facility discharges pollutants to WOTUS, and all fact witnesses who may submit declarations in opposition to the Defendant's Summary Judgment Motion based on standing.

    February 25, 2022 – Defendant to file its opposition to Plaintiff's motion to seek leave to amend its First Amended Complaint.

    March 4, 2022 – Plaintiff to file its reply in support of its motion to seek leave to amend its First Amended Complaint.

    March 15, 2022 – Plaintiff to disclose *Phase I* expert witness report(s)

    April 26, 2022 – Defendant to disclose *Phase I* expert witness report(s)

    April 26, 2022 – Defendant to disclose all fact witnesses who may submit declarations in support of its Summary Judgment Motion based on standing.

    May 17, 2022 – Plaintiff to disclose *Phase I* expert rebuttal report(s)

    June 22, 2022 – Deadline for Completion of *Phase I* Discovery

    August 12, 2022 – Deadline for submission of the parties' *Phase I* summary judgment motions.

September 23, 2022 – Deadline for submission of the parties' oppositions to *Phase I* summary judgment motions.

October 14, 2022 – Deadline for submission of the parties' replies in support of their *Phase I* summary judgment motions.

5. Summary judgment motion practice shall adhere to the following page limits:

Plaintiff's combined *Phase I* Summary Judgment motion: 25 pages; 25 pages for Defendant's opposition thereto; and 15 pages for Plaintiff's reply; Defendant's summary judgment motion, Plaintiff's opposition thereto, and Defendant's reply shall comply with the page limits set forth in Judge Mueller's Civil Standing Order.

6. Within 10 days of any ruling on the parties' *Phase I* summary judgment motions, the Parties shall meet and confer on whether the case should be referred back to Magistrate Judge Newman for further mediation, or otherwise present a joint proposed schedule to the Court for *Phase II*

DATED: February 8, 2022         /s/ DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE