UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE, | No. 2:20-cv-1703 DB |
| Plaintiff, | ORDER |
| v. | |
| COSUMNES CORPORATION dba MURIETA EQUESTRIAN CENTER, | |
| Defendant. | |

Each of the parties in the above-captioned case has consented to proceed before a United States Magistrate Judge. See U.S.C. § 636(c). Accordingly, this matter has been reassigned to the undersigned for all purposes. On November 10, 2022, defendant filed a motion to stay and noticed the motion for hearing before the undersigned on December 16, 2022. (ECF No. 72.) Plaintiff has filed an opposition and defendant a reply.[1] (ECF Nos. 75 & 78.)

Defendant's motion seeks to stay briefing on the parties' Phase I summary judgment motions, which is due December 16, 2022, the same day of the hearing of defendant's motion to stay. Phase I summary judgment motions will concern the issue of standing and Water of the

---

[1] Pursuant to Local Rule 230(g), the Court finds defendant's motion suitable for resolution without a hearing.

1

United States ("WOTUS"). Defendant asserts that the WOTUS related issue is expected to be impacted by a pending Supreme Court decision in Sackett v. Environmental Protection Agency, (Supreme Court Case No. 21-454).[2] Defendant argues that the ruling in Sackett will have a substantial impact on this case and "requests that briefing be deferred such that this Court can consider the most recent and applicable law, rather than being forced to revisit its decision[.]" (Def.'s Mot. (ECF No. 72-1) at 7.)

While the Court appreciates defendant's concern for judicial resources, the Supreme Court granted cert in Sackett on January 24, 2022, and heard oral argument on October 3, 2022. See https://www.supremecourt.gov/orders/22grantednotedlist.pdf. Defendant did not file the motion to stay until November 10, 2022. (ECF No. 72.)

In reply, defendant argues that "[a]fter briefing and oral arguments before the Supreme Court . . . established that the issues being considered went beyond wetland delineation, Defendant pursued" a stay. (Reply (ECF No. 78) at 4.) However, the current December 16, 2022 deadline for Phase I briefing was not unilaterally imposed by the Court. Instead, it was set pursuant to the parties' stipulation filed on October 10, 2022— after the Supreme Court received briefing and heard oral argument in Sackett. (ECF No. 67.)

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's November 10, 2022 motion to stay (ECF No. 72) is denied; and

2. The December 16, 2022, hearing is vacated.

Dated: December 11, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/coastkeeper1703.stay.den.ord

---

[2] Defendant's motion also refers to "Mandatory Settlement Conference[s]" in this action. (ECF No. 72-1) at 3.) However, a settlement conferences was set "[p]ursuant to the parties' communication with the court," requesting a settlement conference. (ECF No. 25.) Another settlement conference was set pursuant to the parties' stipulation requesting a second settlement conference. (ECF No. 64.)