**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SB# 104442
    E-Mail: Glenn.Friedman@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 9405-2256
Telephone: 415.362.2580
Facsimile:  415.434.0882

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
    E-Mail: Joe.Salazar@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile:  916.564.5444

**OLSSON FRANK WEEDA TERMAN MATZ PC**
STEWART D. FRIED, (Pro Hac Vice)
E-Mail: sfried@ofwlaw.com
GARY H. BAISE (Pro Hac Vice)
E-Mail: vthedgerow@aol.com
2000 Pennsylvania Avenue NW, Suite 4003
Washington DC 20006
Telephone: 202.518.6326

Attorneys for Defendant
COSUMNES CORPORATION dba MURIETA
EQUESTRIAN CENTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE, | No. 2:20-cv-01703 DB |
| Plaintiff, | **JOINT STIPULATION RE PHASE II BRIEFING SCHEDULE AND ORDER** |
| vs. | |
| COSUMNES CORPORATION dba MURIETA EQUESTRIAN CENTER, | |
| Defendant. | |

Pursuant to the Court's Order (ECF No. 99) directing the parties to file a proposed stipulated further schedule, the parties respectfully submit the following proposed Phase II briefing schedules:

On February 9, 2022, this Court entered an Order (ECF No. 41) trifurcating this action into three phases.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2      The Parties have been unable to reach agreement on a schedule for Phase II, and hereby

3  respectfully submit their respective positions.

4      The Parties agree that opening briefs and opposition briefs on summary judgment shall be

5  limited to 25 pages, and any reply shall be limited to 15 pages.

6      The parties are amenable to appearing at a Case Management Conference in the event that

7  the Court so desires.

8      **Plaintiff's Statement**

9      Plaintiff alleges that Defendant Murieta Equestrian Center ("MEC") violates the Clean

10  Water Act ("CWA") by operating a Concentrated Animal Feeding Operation ("CAFO") that

11  discharges pollutants to Waters of the United States ("WOTUS"), without a CWA permit.

12      The Phase I scheduling order already provided an entire discovery phase "related to

13  standing and whether Defendant's facility discharges pollutants to Waters of the United States"

14  (dkt. 41 at 3), which the Parties and the Court deemed complete as of July 18, 2022. Dkt. 64 at 3.

15  Plaintiff contends discovery, and expert disclosures, related to discharges of pollutants, is and

16  should be closed, since discovery on "discharges [of] pollutants" was expressly provided for by

17  the Phase I discovery order; and as such, each party produced extensive expert reports and

18  deposition testimony on this topic during Phase I. Plaintiff opposes Defendant's proposed Phase II

19  discovery schedule on the basis that Defendant seeks to redo discovery and expert testimony

20  related to discharges of pollutants from the Facility. Reopening discovery on these issues would be

21  grossly inefficient, redundant, and lead to wasteful discovery disputes. With all discovery closed

22  related to discharge of pollutants to WOTUS, and Article III standing, any Phase II discovery

23  should be limited to (1) whether MEC is a CAFO, (2) whether MEC has a CWA permit, and (3)

24  remedies.

25      Moreover, Plaintiff is prepared to move for CWA liability on summary judgment with no

26  further discovery from any party related to CWA liability. Discovery related to standing,

27  discharges of pollutants, and WOTUS, is closed. Defendant has already propounded discovery

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

seeking all evidence on which Plaintiff bases its claim that MEC is a CAFO,[1] and has stipulated that it does not possess a CWA permit.[2] Accordingly, Plaintiff proposes that CWA liability be resolved by a motion for summary judgment as follows, and that Phase II discovery on remedies be bifurcated to after a ruling on liability:

Plaintiff's MSJ opening brief: October 6, 2023

Defendant's opposition brief: November 8, 2023

Plaintiff's reply: November 27, 2023

Within 10 days of any ruling on Plaintiff's MSJ, the parties shall present a joint statement regarding scheduling for Phase II, including trial and remedies.

Alternatively, if the Court is inclined to permit further discovery now, regarding (1) whether MEC is a CAFO, (2) whether MEC possesses a CWA permit, and (3) remedies, Plaintiff proposes that CWA liability be resolved on the following schedule:

Fact Discovery Closes: December 1, 2023

Expert Reports Due: January 15, 2024

Expert Rebuttals Due: February 15, 2024

Expert Discovery Closes: March 31, 2024

MSJ opening brief: May 15, 2024

MSJ opposition: June 14, 2024

MSJ reply: June 28, 2024

Within 10 days of any ruling on MSJ, the parties shall present a joint statement regarding scheduling for Phase II, including trial and remedies.

**<u>Defendant's Statement</u>**

Defendant respectfully submits that discovery relating to CWA liability and remedies is necessary prior to briefing of summary judgment on those issues.  No discovery has yet been taken

---

[1] Dkt. 89-002, Decl. of James Thomas Brett ISO Plaintiff's Reply ISO Phase I Motion for Summary Judgment ("Brett Dec."), Ex. A at 7 & 10, Ex. B.

[2] Dkt. 89-001, Pl. Reply SUF No. 2-4.


**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

on all such issues and the Defendant would be prejudiced in the event that it was not permitted to conduct fact and expert witness discovery on those issues.  Additionally, while Defendant stipulated it does not possess an individual NPDES permit, Defendant has always contended that any non-exempt discharges from MEC's production area to a WOTUS are covered by the NPDES permit issued to the Rancho Murieta Community Services District ("RMCSD.") Accordingly, Defendant proposes the following fact and expert witness discovery schedule and a Phase II summary judgment motion briefing schedule.

<u>Defendant's Proposed Schedule</u>

April 26, 2024 – Deadline for Completion of Phase II Fact Discovery;

May 24, 2024 – Parties to disclose Phase II Expert Witness Reports;

June 21, 2024 – Deadline for Completion of Initial Expert Depositions;

July 12, 2024 – Parties to Disclose Phase II Expert Rebuttal Reports;

August 9, 2024 – Deadline for Completion of Rebuttal Expert Witness Depositions;

September 13, 2024 – Deadline for Submission of Phase II Summary Judgment Motions;

October 11, 2024 – Deadline for Submission of Oppositions to Parties Phase II Summary Judgment Motions;

November 1, 2024 – Deadline for Submission of Reply Briefs in support of their Phase II Summary Judgment Motions.

Within 10 days of any ruling on the Parties' Phase II summary judgment motions, they shall meet and confer on whether the case should be referred back to Magistrate Judge Newman for further mediation, or otherwise present a joint proposed schedule to the Court for Phase III.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED: August 30, 2023          AQUA TERRA AERIS (ATA) LAW GROUP

2

By:  /s/ Jason R. Flanders

3                               JASON R. FLANDERS
Attorneys for Plaintiff

4                               CALIFORNIA COASTKEEPER ALLIANCE

5

6   DATED: August 30, 2023          CALIFORNIA COASTKEEPER ALLIANCE

7

By:  /s/ Drevet J. Hunt (as authorized on 8/30/23)

8                               DREVET J. HUNT
Attorneys for Plaintiff

9                               CALIFORNIA COASTKEEPER ALLIANCE

10  DATED: August 30, 2023          OLSSON FRANK WEEDA TERMAN MATZ PC

11

LEWIS BRISBOIS BISGAARD & SMITH LLP

12

By:  /s/ Glenn A. Friedman (as authorized on 8/30/23)

13                             GLENN A. FRIEDMAN
Attorneys for Defendant

14                             COSUMNES CORPORATION dba MURIETA

15                             EQUESTRIAN CENTER

16

17

18

19

20

21

22

23

24

25

26

27

28



1

**ORDER**

2      Good cause appearing therefore, IT IS HEREBY ORDERED that:

3      1.  Discovery related to standing, discharges of pollutants, and Waters of the United States,

4 remains closed.

5      2.  Phase II discovery shall be limited to (1) whether MEC is a CAFO, (2) whether MEC

6 possesses a CWA permit, and (3) remedies.

7      3.  Phase II Expert Reports are due January 19, 2024.

8      4.  Phase II Expert Rebuttals are due February 16, 2024.

9      5.  Phase II Discovery closes March 1, 2024.

10      6.  Phase II motions for summary judgment shall be filed on or before May 17, 2024.

11      7.  Oppositions to phase II motions for summary judgment shall be filed on or before June

12 14, 2024.

13      8. Replies to Phase II motions for summary judgment shall be filed on or before June 28,

14 2024.

15      9.  Opening briefs and opposition briefs on summary judgment shall be limited to 25

16 pages, and any reply shall be limited to 15 pages.

17      10.  Within 10 days of any ruling on the outstanding Phase II motions for summary

18 judgment, the parties shall present a joint statement regarding further scheduling.

19 Dated:  September 5, 2023

20

21

22      DEBORAH BARNES

23      UNITED STATES MAGISTRATE JUDGE

24

25

26

27 DLB:6
DB/orders/orders.consent/coastkeeper1703.stip.phaseII.ord

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW