UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE, | No. 2:20-cv-1703 DB |
| Plaintiff, | ORDER |
| v. | |
| COSUMNES CORPORATION dba MURIETA EQUESTRIAN CENTER, | |
| Defendant. | |

Each of the parties in the above-captioned case has consented to proceed before a United States Magistrate Judge. See U.S.C. § 636(c). Accordingly, this matter has been reassigned to the undersigned for all purposes. On September 5, 2023, the court issued an order stating, in relevant part, that "[p]hase II motions for summary judgment shall be filed on or before May 17, 2024," and that "[o]ppositions to phase II motions for summary judgment shall be filed on or before June 14, 2024." (ECF No. 101 at 6.)

On December 1, 2023, plaintiff filed a motion for leave to amend the September 5, 2023 order and noticed the motion for hearing on January 5, 2024.[1] (ECF No. 109.) Therein, plaintiff

---

[1] The court finds plaintiff's motion suitable for resolution without a hearing pursuant to Local Rule 230(g). Accordingly, the January 5, 2024 hearing will be vacated.

1

seeks "clarification that, if it files its Phase II MSJ months before the Scheduling Order deadline," defendant "will not have until" the deadline of June 14, 2024, to file an opposition. (Id. at 3.) Plaintiff notes that it "wishes to promptly submit its Phase II MSJ" after learning "of the impending retirement" of the undersigned. (Id.)

Defendant filed an opposition on December 15, 2023. (ECF No. 110.) Defendant argues that plaintiff fails to show "that an ambiguity exists in the Phase II Scheduling Order," and that defendant "would suffer extreme prejudice in the event that it was not afforded adequate time complete Phase II fact and expert discovery[.]" (Id. at 2.) Plaintiff filed a reply on December 19, 2023. (ECF No. 111.)

Although the court did not think there was an ambiguity in the Phase II Scheduling Order the parties' conflicting interpretations, and how those interpretations conflict with the court's, supports clarification of the order. As recounted above the September 5, 2023 scheduling order set deadlines for the filing of a motion for summary judgment and opposition. Those deadlines provided that those documents be filed "on or before" the given deadlines. In using that phrasing the court had no intention of preventing a party from filing a motion for summary judgment prior to the deadline.

Moreover, Local Rule 230 requires any opposition to a noticed motion to "be filed and served no later than fourteen (14) days after the motion was filed." Local Rule 230(c). In entering the September 5, 2023 order, the court did not circumvent the requirements of Local Rule 230. Instead, the court entered a scheduling order pursuant to briefing from the parties. The court assumed the parties would want to move for summary judgment near the deadline and prospectively granted a slightly longer time to file an opposition.[2]  Nonetheless, the parties always have the ability to move for summary judgment at an earlier time.

In an abundance of caution, the court will grant plaintiff's motion and clarify that the parties are not prohibited from moving for summary judgment at any time prior to the deadline, and that Local Rule 230 governs the deadlines for briefing such a motion.

---

[2] In the event one party files a motion for summary judgment and the other party wishes a short extension of the deadline to file an opposition the court would be receptive to that request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 1, 2023 motion to leave to amend (ECF No. 109) is granted;

2. The January 5, 2024 hearing of plaintiff's motion is vacated; and

3. The undersigned clarifies that a party may move for summary judgment prior to the May 17, 2024 deadline, with any opposition due in compliance with Local Rule 230.

Dated: December 29, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/coastkeeper1703.sched.am.ord