UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE, | No. 2:20-cv-1703 DB |
| Plaintiff, | ORDER |
| v. | |
| COSUMNES CORPORATION dba MURIETA EQUESTRIAN CENTER, | |
| Defendant. | |

Each of the parties in the above-captioned case has consented to proceed before a United States Magistrate Judge. See U.S.C. § 636(c). Accordingly, this matter has been reassigned to the undersigned for all purposes. On April 5, 2024, plaintiff filed a motion for leave to file a third amended complaint and noticed the motion for hearing on May 10, 2024. (ECF No. 113.) On April 5, 2024, plaintiff filed a notice of request to seal. (ECF No. 114.) On April 12, 2024, plaintiff filed a motion for summary judgment. (ECF No. 115.) On April 19, 2024, plaintiff filed a motion in limine to exclude expert testimony. (ECF No. 118.) Plaintiff's motion for summary judgment and motion in limine are noticed for hearing on May 24, 2024. (ECF Nos. 118 & 122.)

On May 2, 2024, plaintiff filed a request for telephonic or remote appearance at the May 10, 2024 hearing. (ECF No. 123.) Therein, plaintiff's counsel explains that granting the motion

1

is necessary "due to a preexisting conflicting obligation." (Id. at 2.) Given the importance of the hearing the court would prefer to continue the hearing to allow for a robust in person discussion. Moreover, given that this matter is already on calendar for May 24, 2024, continuing the May 10, 2024 hearing to May 24, 2024, will promote economy and efficiency.

With respect to plaintiff's request to seal, plaintiff seeks to file under seal documents in support of plaintiff's motion for leave to amend including balance sheets and defendants' Phase II Rebuttal Expert Witness Disclosure. (ECF No. 114 at 2.) In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101. Moreover, Local Rule 141(b) requires, in relevant part, that a "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information."

Here, the material sought to be filed under seal is tangentially related to the merits of the case. And plaintiff's brief establishes good cause for filing the documents under seal. In this regard, the documents sought to be filed under seal concern the support for granting plaintiff leave to file a third amended complaint. Defendants have not opposed plaintiff's request. Plaintiff's motion to seal will be granted.

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The April 5, 2024 hearing of plaintiff's motion to amend (ECF No. 113) is continued to **May 24, 2024, at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned;

2. Plaintiff's April 5, 2024 request to seal (ECF No. 114) is granted;

3. The Clerk of the Court shall file under seal:

 (1) Balance sheets produced by Defendant in response to Plaintiff's discovery requests at COSUMNES 121303-121304, 121077-121078, 120669-120670, 119618-119620, 120161-120163, 122153-122155, 122116-122118, and 121469-121470 and attached to the Declaration of James T. Brett in Support of Plaintiff's Motion for Leave to File Third Amended Complaint as Exhibit J;

 (2) Defendant's Phase II Rebuttal Expert Witness Disclosures Pursuant to FRCP 26(a)(2), attached to the Declaration of James T. Brett in Support of Plaintiff's Motion for Leave to File Third Amended Complaint as Exhibit O;

 (3) Plaintiff's Memorandum of Points of Authorities in Support of Plaintiff's Motion for Leave to File Third Amended Complaint and Add Parties;

 (4) Declaration of James T. Brett in Support of Plaintiff's Motion for Leave to File Third Amended Complaint;

 (5) Exhibits A and L to the Declaration of James T. Brett in Support of Plaintiff's Motion for Leave to File Third Amended Complaint; and

 (6) Remaining Exhibits (i.e., Exhibits B-I, K, M-N, P) to the Declaration of James T. Brett in Support of Plaintiff's Motion for Leave to File Third Amended Complaint[1];

////
////
////

---

[1] Counsel for plaintiff shall contact the Clerk of the Court to provide the documents to be filed under seal.

4. Plaintiff's May 2, 2024 request for telephonic/remote appearance (ECF No. 123) is denied as having been rendered moot.

Dated: May 6, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/coastkeeper1703.rem.app.ord