UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>vs.<br><br>COSUMNES CORPORATION dba<br>MURIETA EQUESTRIAN CENTER,<br><br>Defendant. | Case No. 2:20-cv-01703-SCR<br><br>**ORDER** |

The Court, having reviewed the Parties' Joint Submission in response to the Order, dated November 18, 2024 (ECF No. 158), hereby enters the following Injunctive Relief Order:

1. Within 30 days following entry of this Order, Defendant shall complete and submit to the Central Valley Regional Water Board ("Regional Board") the following: (a) a Report of Waste Discharge (https://www.waterboards.ca.gov/publications_forms/forms/docs/form200.pdf); and (b) EPA Application Form 2B (https://www.epa.gov/system/files/documents/2024-10/epa_form_3510-2b_2023_07.pdf) (hereafter "Permit Application") related to the CAFO-related operations at the Murieta Equestrian Center. The Permit Application shall attach and conform to the Court's Phase I and Phase II summary judgment orders,

including all relevant factual findings therein. In the event that additional information is requested by the Regional Board, Defendant shall use best efforts to promptly provide it with any additional requested information.

2. Until such time that the Regional Board issues an NPDES permit governing CAFO-related operations at the Murieta Equestrian Center, Defendant shall implement the following best management practices ("BMPs") to reduce or avoid pollutant discharges to the Unnamed Stream and the Cosumnes River from the Murieta Equestrian Center:

(a) Defendant shall implement the following Erosion and Sediment Control BMPs:

  i. Weekly sweeping of all impervious surfaces using a mechanical sweeper, and daily sweeping before and after event activities, with special emphasis on impervious areas around stables and manure bins, supplemented by spot-cleaning by Defendant's employees during events.

  ii. Protect drain inlets with concentric rings of filtration-media based filter socks or filter bags;

  iii. Maintain silt fences and vegetation buffers adjacent to the Unnamed Stream;

(b) Defendant shall implement the following Horse Wash Station Draining BMPs:

  i. Defendant shall direct all drainage from horse wash stations away from storm drains to vegetated pervious areas except those stations that already connect to a sanitary sewer.

(c) Defendant shall implement the following Manure Pit BMPs:

  i. Defendant shall fully cover all manure pits in advance of and during forecasted precipitation, where the forecast predicts a >50% chance of daily precipitation >0.2".

(d) Defendant shall implement the following Inspection and Maintenance BMPs:

  i. Defendant shall conduct regular, documented inspections and maintenance of all implemented measures every 30 days.

3. Defendant shall update its SWPPP to reflect the BMPs outlined above and include a stormwater monitoring plan and protocol.

4. During precipitation events of greater than 0.2 inches, Defendant shall obtain samples from the following locations:

    (a) Three outfall pipes located on the south side of the Murieta Equestrian Center facility and just north of the Unnamed Stream;

    (b) The vegetated swale at the applicable point of discharge to the Unnamed Stream.

    (c) Notwithstanding anything in this Order to the contrary, Defendant shall not be required to:

        i. Obtain more than one set of samples from any single storm event.

        ii. Obtain more than two sets of samples in any calendar month.

5. Defendant shall analyze samples taken pursuant to Paragraph 4 of this Order for Total Suspended Solids (TSS), E. coli, fecal coliform, and ammonia. Defendant shall deliver all such samples to a California-certified environmental laboratory for analysis within the allowable hold times, pursuant to 40 C.F.R. Part 136.

6. Defendant shall update its SWPPP within 45 days following this Order and shall document all BMPs, inspection protocols, and sampling results to ensure compliance with these interim requirements. It shall be understood, however, that a single sample result shall not, in and of itself, constitute proof of an exceedance of any applicable standard.

7. Defendant shall file with the court a status statement every thirty days describing all activities undertaken to implement the aforementioned obligations. Defendant shall attach to its initial status statement a copy of its Permit Application and all information submitted therewith. Defendant shall further attach to its initial and subsequent status statements copies of correspondence to or from the Regional Board or other regulatory agencies related to the Permit Application and processing and/or Defendant's management of waste in conjunction with operation of the Murieta Equestrian Center, Defendant's updated SWPPP, proof of interim BMP implementation, including photographs, and all laboratory reports related to stormwater sampling.

8. The Court notes Defendant's objections to entry of this Order for preservation of any rights it may have to appeal this Court's November 18, 2024, Order, this Order, and any other Orders relating thereto.

SO ORDERED this 9th day of December 2024.

_____
SEAN RIORDAN
UNITED STATES MAGISTRATE JUDGE