JASON R. FLANDERS (Bar No. 238007)
Email: jrf@atalawgroup.com
ERICA A. MAHARG (Bar No. 279396)
Email: eam@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
8 Rio Vista Ave.
Oakland, CA 94611
Telephone: (916) 202-3018

DREVET HUNT, SBN 240487
Email: dhunt@cacoastkeeper.org
CALIFORNIA COASTKEEPER ALLIANCE
1100 11th Street, 3rd Floor
Sacramento, CA 95814
Telephone: (415) 606-0864

Attorneys for Plaintiff
*California Coastkeeper Alliance*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>vs.<br><br>COSUMNES CORPORATION dba MURIETA EQUESTRIAN CENTER et al,<br><br>Defendant. | Case No. 2:20-cv-01703-SCR<br><br>**STIPULATION AND [PROPOSED] ORDER RE: FEES, PENALTIES, INJUNCTIVE RELIEF, AND RELATED MATTERS** |

1  WHEREAS, this Court has previously granted Plaintiff's Phase I and Phase II motions for
2  summary judgment;

3  WHEREAS, this Court has previously granted Plaintiff's motion for injunctive relief;

4  WHEREAS, Plaintiff's petition for interim fee and cost recovery has been filed, fully
5  briefed, and argued;

6  WHEREAS, this Court's Scheduling Order, as amended (ECF No. 205), dated September 3,
7  2025, requires the parties to file any motions for summary judgment as to Carol Anderson Ward,
8  and Plaintiff's opening brief related to Clean Water Act penalties, by October 3, 2025;

9  WHEREAS, the Parties have reached agreement on Plaintiff's claims for fees, costs, civil
10  penalties, and injunctive relief;

11  NOW THEREFORE, the Parties stipulate as follows:

12  1. **Settlement Payment**: Within 90 days of the Effective Date of this Stipulation, Defendants
13  agree to set aside, deposit, and segregate the sum of ONE MILLION FIVE HUNDRED SIXTY
14  THOUSAND DOLLARS AND NO CENTS ($1,560,000.00) in an interest-bearing, escrow or other
15  secure or blocked account agreed to by the Parties. These funds shall not be accessible to the Parties
16  except upon fulfillment of the conditions set out in ¶ 3.a. or 3.b., as applicable. These funds shall
17  constitute a full and final settlement for the monetary amounts claimed in Plaintiff's pending motion
18  for interim fees and costs (Dkt. 189, 196). The Parties expressly agree and acknowledge that Plaintiff
19  intends to move to recover additional fees and costs not included in the interim fee motion, and that
20  Plaintiff's deadline to do so is tolled and extended to no later than 60 days following the Appeal
21  Period.

22  2. **Appeal Period**: The "Appeal Period" as used herein shall mean: (a) the time from the date of
23  this Stipulation until all proceedings before all federal courts, whether stated in law, equity, or
24  otherwise, including (but not limited to) proceedings before the U.S. Circuit Court for the Ninth
25  Circuit and the U.S. Supreme Court, have been finally and completely resolved, resulting in a final
26  non-appealable judgment; or (b) the time to appeal any issues expires.

27  3. **Result of Appeal**: Upon the conclusion of the Appeal Period, the prevailing party shall notify
28

the other party that the time for performance of any obligation under this Stipulation shall be due.

    a. **Plaintiff as Prevailing Party**: In the event that Plaintiff's entitlement to relief under the First Cause of Action in the Third Amended Complaint is preserved, then the Settlement Payment referred to in ¶ 1 shall be released, together with all accrued interest, to Plaintiff as attorneys' fees and costs, within fourteen days.

    b. **Defendant as Prevailing Party**: In the event that Plaintiff is not entitled to relief under the First Cause of Action in the Third Amended Complaint, then the Settlement Payment referred to in ¶ 1 shall be released, together with all accrued interest, to MEC, within fourteen days.  Additionally, MEC shall have no obligation arising from any Order issued during the Litigation or pursuant to this Agreement to continue to maintain its status with the Regional Board, maintain coverage under the Industrial General Permit, or to otherwise comply with the CWA or the terms of the Industrial General Permit; though any obligation arising directly from the CWA, the Industrial General Permit, any enforcement action by the EPA or the Regional Water Board, Defendant MEC's Report of Waste Discharge, Defendant MEC's oversight by the Rancho Murieta Community Services District, or any other governmental or regulatory source shall not be affected or diminished by this Agreement.

4. **Contingent Obligations Pending Appeal(s)**: The following obligations shall arise only after the conclusion of the Appeal Period and only if Plaintiff's entitlement to relief under the First Cause of Action in the Third Amended Complaint is preserved:

    a. **Environmentally Beneficial Project:** To settle all claims for civil penalties asserted by Plaintiff, within 30 days following the conclusion of the Appeal Period, Defendant shall contribute ONE HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($150,000) to the American River Conservancy or another mutually agreeable 501(c)(3) entity, which amount shall be used exclusively for an environmentally beneficial project within the Cosumnes River Watershed.  Within ten days of selecting the funding recipient, Plaintiff shall submit this proposed Order and any further

settlement documents to the United States Department of Justice and the EPA (the "Federal Agencies"), for agency review consistent with 40 C.F.R. § 135.5. The agency review period ("Agency Review Period") expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by certified return receipts, copies of which shall be provided to Defendant. In the event that the Federal Agencies object to this settlement, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies. If the Parties are unable to resolve any issue(s) raised by the Federal Agencies in their comments, the Parties agree to expeditiously seek a settlement conference with an assigned Magistrate Judge to resolve any issue(s). Plaintiff shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order to coordinate the Court's calendar with the 45-day review period. Following expiration of the Federal Agencies' 45-day review period, Plaintiff shall submit any supplemental settlement agreement terms related to this Paragraph 4(a) to the Court for entry.

b. **Stormwater Retention:** Within 18 months following the Appeal Period, Defendant MEC shall complete certain improvements to the real property upon which it does business, located at 7200 Lone Pine Drive, Rancho Murieta, California, 95683 ("MEC Facility"), including a stormwater retention basin sufficient to contain runoff from a 25-year, 24-hour storm event on-site, implementation of all housekeeping Best Management Practices ("BMPs"), generally consistent with the Simpson Report attached hereto as Exhibit A.

5. **Compliance During Pendency of Appeals**: Defendant MEC agrees to work in good faith to resolve all permitting and compliance issues under its current Report of Waste Discharge to the Regional Water Board for MEC's operations and application for coverage under the Industrial General Permit during the pendency of any and all appeals. Defendant MEC shall be required to submit a Status Report to the Court every six months after the Effective Date documenting its ongoing compliance efforts with the Regional Board and pursuant to the Industrial General Stormwater Permit.

6. **Dismissals and Motion for Entry of Judgment**: Within 7 days after entry of the Order by the Court entering the terms of this Stipulation ("Effective Date"), Plaintiff shall:

   a. Dismiss its cause of action for violation of the Resource Conservation and Recovery Act without prejudice;

   b. Dismiss Carol Anderson Ward and the Carol Anderson Ward Trust dated February 6, 2002 with prejudice; and

   c. Move for entry of Final Judgment pursuant to the District Court's Phase I and Phase II summary judgment rulings.

7. **Reservation of Right to Appeal**: Defendants expressly reserve, and by and through this stipulation, do not waive their rights to appeal from entry of Final Judgment in this case as to the following issues, which issues shall be broadly construed:

   a. **Waters of the United States**: Whether the unnamed waterway (described by Plaintiff as the unnamed stream and by Defendants as the agricultural ditch) running along the southern boundary of the property upon which MURIETA EQUESTRIAN CENTER is situated is a Water of the United States is preserved for appeal.

   b. **Discharge of Pollutant**: Whether MEC discharges pollutants to waters of the United States is preserved for appeal.

   c. **Standing**: Whether Plaintiff had standing to bring the lawsuit is preserved for appeal.

   d. **RMCSD Small MS4 Permit**: Whether Defendant MEC's alleged discharges of pollutants were covered by the Rancho Murieta Community Services District Small MS4 permit shall be preserved for appeal.

   e. **CAFO Status**: Whether Defendant MEC qualifies as a Concentrated Animal Feeding Operation ("CAFO"), as defined at 40 C.F.R. § 122.23(b), is preserved for appeal.

8. **Retention of Jurisdiction**: The District Court shall retain jurisdiction over the Litigation during the Appeal Period for the purpose of enforcing, interpreting, and implementing the terms of this Stipulated [Proposed] Order.

| | | |
|---|---|---|
| DATED: October 2, 2025 | | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By:    /s/ *Jay C. Patterson*
GLENN A. FRIEDMAN
JOSEPH A. SALAZAR JR.
JAY C. PATTERSON
Attorneys for Defendant
COSUMNES CORPORATION dba
MURIETA EQUESTRIAN CENTER

DATED: October 2, 2025     OLSSON FRANK WEEDA TERMAN MATZ PC

By:    /s/ *Stewart D. Fried*
STEWART D. FRIED
Attorneys for Defendant
COSUMNES CORPORATION dba
MURIETA EQUESTRIAN CENTER

DATED: October 2, 2025     AQUA TERRA AERIS (ATA) LAW GROUP

By:    /s/ *Jason R. Flanders*
ERICA A. MAHARG
JASON R. FLANDERS

Attorneys for Plaintiff
CALIFORNIA COASTKEEPER ALLIANCE

DATED: October 2, 2025     CALIFORNIA COASTKEEPER ALLIANCE

By:    /s/ *Drevet J. Hunt*
DREVET J. HUNT
Attorneys for Plaintiff
CALIFORNIA COASTKEEPER ALLIANCE

## **ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this eFiled document.

**[~~PROPOSED~~] ORDER**

Based on the above Stipulation of the parties incorporated herein by reference, and, good cause appearing, it is SO ORDERED.

DATED: October 6, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE