JASON R. FLANDERS (Bar No. 238007)
Email: jrf@atalawgroup.com
ERICA A. MAHARG (Bar No. 279396)
Email: eam@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
8 Rio Vista Ave.
Oakland, CA 94611
Telephone: (916) 202-3018

DREVET HUNT, SBN 240487
Email: dhunt@cacoastkeeper.org
CALIFORNIA COASTKEEPER ALLIANCE
1100 11th Street, 3rd Floor
Sacramento, CA 95814
Telephone: (415) 606-0864

Attorneys for Plaintiff
*California Coastkeeper Alliance*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COASTKEEPER ALLIANCE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>COSUMNES CORPORATION dba MURIETA EQUESTRIAN CENTER, a California Corporation; CAROL ANDERSON WARD, an individual; CAROL ANDERSON WARD, as trustee of the Carol Anderson Ward Trust dated February 6, 2002,<br><br>　　　　　　　　Defendants. | Case No. 2:20-CV-01703-SCR<br><br>**PLAINTIFF'S MOTION FOR JUDGMENT (54(b), 58(b)(2)(B))**<br><br>Hearing Date: November 20, 2025<br>Time: 10:00 a.m.<br>Courtroom: 27, 8th Floor<br>Hon. Sean Riordan |

**NOTICE OF MOTION AND MOTION FOR JUDGMENT**

PLEASE TAKE NOTICE that on November 20, 2025, or as soon thereafter as the matter may be heard, the California Coastkeeper Alliance ("Plaintiff" or "the Alliance") will move for entry of judgment in favor of Plaintiff and against Defendant Cosumnes Corporation d/b/a Murrieta Equestrian Center ("Defendant" or "MEC") as to Plaintiff's First Cause of Action for violations of the Clean Water Act, pursuant to Federal Rules of Civil Procedure 54(b) and 58(b)(2)(B), on the grounds that the Court has determined that MEC is liable for violations of the Clean Water Act (ECF 99, 158), and the Court has entered a Stipulated Order (ECF 212) resolving Plaintiff's related claims for fees, costs, civil penalties, and injunctive relief, and ordering dismissal of Plaintiff's remaining claims against Carol Anderson Ward and the Carol Anderson Ward Trust dated February 6, 2002, and Plaintiff's claims pursuant to the Resource Conservation and Recovery Act.

This motion is based on this Notice of Motion and Motion, the accompanying [PROPOSED] Judgment, the Court's file in this matter, and upon any other such argument or evidence as the Court may consider for hearing on this matter.

Respectfully submitted,

Dated: October 10, 2025                    AQUA TERRA AERIS LAW GROUP

   /s/ Jason R. Flanders
Jason R. Flanders

Attorneys for Plaintiff
CALIFORNIA COASTKEEPER ALLIANCE

# MOTION FOR JUDGMENT

## I. INTRODUCTION

Plaintiff California Coastkeeper Alliance ("the Alliance") brought this lawsuit to advance the Alliance's ongoing efforts to compel Clean Water Act ("CWA") permitting for "non-dairy" concentrated animal feeding operations ("CAFO") in California, and to reduce bacteria contamination in the Cosumnes River. Specifically, the Alliance sought to hold Defendant Cosumnes Corporation d/b/a Murieta Equestrian Center ("MEC") accountable for discharging polluted stormwater and process wastewater to the Cosumnes River and its tributary without a CWA permit (ECF 173 at 15-19). This Court's Phase I and Phase II summary judgment orders have deemed MEC liable for such violations. ECF 99, 158.

The Court has entered a Stipulated Order to resolve the Alliance's claims for fees, costs, civil penalties, injunctive relief, and related matters; reserving MEC's rights to appeal; and ordering dismissal of defendants Carol Anderson Ward and the Carol Anderson Ward Trust dated February 6, 2002, with prejudice; and dismissal of Plaintiff's cause of action pursuant to the Resource Conservation and Recovery Act ("RCRA") without prejudice. ECF 212. No further proceedings before the District Court are necessary to fully adjudicate Plaintiff's claims. Therefore, pursuant to Federal Rules of Civil Procedure, Rules 54(b) and 58(b)(2)(B), Plaintiff respectfully requests that judgment as to its CWA claims against MEC be entered in favor of Plaintiff.

## II. PROCEDURAL BACKGROUND

On August 25, 2020, Plaintiff filed this action under the citizen suit enforcement provisions of the Clean Water Act, 33 U.S.C. § 1365, alleging ongoing discharging of polluted process wastewater and stormwater into the waters of the United States, including the Cosumnes River, from the MEC facility, without a National Pollutant Discharge Elimination System permit, in violation of section 301(a) of the CWA, 33 U.S.C. § 1311. ECF 1 at 10-11. On October 1, 2020, Plaintiff filed its First Amended Complaint, as a matter of right, adding a claim under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.,* alleging that MEC's storage and disposal practices of liquid and solid manure, bedding, and related debris caused and contributed and continues to cause and

contribute to the handling, storage, treatment, and/or disposal of solid wastes that present an imminent and substantial endangerment to health and the environment in violation of RCRA, 42 U.S.C. § 6972(a)(1)(B). ECF 4 at 12-13.

On March 8, 2022, the Court granted Plaintiff leave to file a Second Amended Complaint filed on March 10, 2022, ECF 49, to better assert the factual allegations giving rise to the Alliance's Article III standing following the Ninth Circuit's issuance of *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825 (9th Cir. 2021) which provided clarity regarding informational injuries in CWA citizen suits. ECF 48 at 2-3.

On November 18, 2024, the Court granted Plaintiff leave to file its Third Amended Complaint, adding Defendant Carol Anderson Ward, individually and as trustee of the Carol Anderson Ward Trust dated February 6, 2002. ECF 158 at 8, 22; ECF 173 at 7-8.

Following Phase I fact and expert discovery, the Phase I Summary Judgment Order held that the Alliance meets the requirements for Article III standing (ECF 99 at 6-9); and that the MEC Facility discharges pollutants to waters of the United States (ECF 99 at 10-11). The Court also wholly denied Defendant's cross motion for summary judgment. ECF 99 at 11. Defendants did not move for reconsideration.

Following Phase II fact and expert discovery, this Court's Phase II Summary Judgment Order held that the MEC Facility constitutes a CAFO (ECF 158 at 15-17); that MEC discharges pollutants to Waters of the United States without a CWA permit (ECF 158 at 13-18); and that injunctive relief is required (ECF 158 at 21; ECF 170). Defendants did not move for reconsideration.

Subsequently the Court has entered the parties' Stipulated Order resolving Plaintiff's claims for fees, costs, civil penalties, and injunctive relief. ECF 212. By and through the Stipulated Order, Defendant expressly reserved its rights to appeal the following issues from any entry of Final Judgment in this case:

   a. **Waters of the United States**: Whether the unnamed waterway (described by Plaintiff as the unnamed stream and by Defendants as the agricultural ditch) running along the southern boundary of the property upon which MURIETA EQUESTRIAN CENTER is situated is a Water of the United States.

    b.  **Standing**: Whether Plaintiff had standing to bring the lawsuit.

    c.  **Discharge of Pollutant**: Whether MEC discharges pollutants to waters of the United States is preserved for appeal.

    d.  **RMCSD Small MS4 Permit**: Whether Defendant MEC's alleged discharges of pollutants were covered by the Rancho Murieta Community Services District Small MS4 permit.

    e.  **CAFO Status**: Whether Defendant MEC qualifies as a Concentrated Animal Feeding Operation ("CAFO"), as defined at 40 C.F.R. § 122.23(b).

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) states that an action only concludes once a judgment is entered that adjudicates all claims and parties' rights and liabilities. Fed. R. Civ. P. 54(b). Per the Stipulated Order of the parties (ECF 212 at 5), Plaintiff now moves for entry of judgment. *See* Fed. R. Civ. P. 58(b)(2)(B).

## IV. DISCUSSION

Following the Court's determinations in the Phase I & II Summary Judgment Orders, and the Parties' agreed-upon stipulation (ECF 212), all claims for fees, costs, civil penalties, injunctive relief, and related matters have been resolved and no further proceedings are necessary. Judgment for Plaintiff is appropriate and necessary to conclude this proceeding.

### A. THE COURT'S FINDINGS IN ITS PHASE I & II SUMMARY JUDGMENT ORDERS WARRANT JUDGEMENT FOR PLAINTIFF.

Plaintiff has satisfied all elements for liability under its first cause of action for MEC's violations of the CWA. Plaintiff has Article III standing to maintain suit. ECF 99 at 9. The Murieta Equestrian Center facility is a CAFO within the meaning of 40 C.F.R. § 122.23(6). ECF 158 at 22. MEC discharges pollutants from a point source into the waters of United States without a National Pollutant Discharge Elimination System permit. ECF 99 at 10-11; ECF 158 at 12-18. Plaintiff has thus fully prevailed on its first cause of action, and judgment for Plaintiff on this claim is warranted. FRCP 54(b) & 58(b)(2)(B).

### B. THE SECOND CAUSE OF ACTION RELATED TO RCRA IS RESOLVED THROUGH PARTIES' STIPULATED ORDER.

Plaintiff's second cause of action alleges violations of RCRA, 42 U.S.C. § 6972(a)(1)(B).

ECF 173 at 17-18. RCRA governs disposal of solid waste, but the term "solid waste" is specifically defined under RCRA to *exclude* any discharge that is required to be covered by a CWA NPDES permit. 42 U.S.C. § 6903(27). Accordingly, the parties and the Court stayed prosecution of Plaintiff's RCRA claims to a future Phase III of this lawsuit. ECF 41 at 5. Because this Court has now found that MEC's discharges of pollutants *must* be covered by a CWA NPDES permit, the parties entered into a Stipulated Order to dismiss its RCRA cause of action without prejudice pending appeal. ECF 212 at 5. As a result, no further proceedings are required before the Court to adjudicate Plaintiff's RCRA claims.

### C. Plaintiff's Claims Against Carol Anderson Ward and the Carol Anderson Ward Trust are Resolved Through the Parties' Stipulated Order.

The parties' Stipulated Order requires dismissal of Defendants Carol Anderson Ward and the Carol Anderson Ward Trust, dated February 6, 2002, with prejudice. ECF 212 at 5. As a result, no further proceedings are required before the Court to adjudicate Plaintiff's claims against the Ward defendants.

## V. CONCLUSION

For the reasons stated above, and considering the parties' resolution of this matter, judgment in favor of Plaintiff is appropriate. MEC's liability has been adjudicated, and the parties have reached a comprehensive settlement resolving all remaining claims, including civil penalties, interim fees and costs, and injunctive relief. *See* ECF 212.

Accordingly, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff on Plaintiff's First Cause of Action for Violations of the Clean Water Act.

Respectfully submitted,

Dated: October 10, 2025            AQUA TERRA AERIS LAW GROUP

 */s/ Jason R. Flanders*
Jason R. Flanders
Attorneys for Plaintiff
CALIFORNIA COASTKEEPER ALLIANCE